**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **BILLY TYLER,** ) | **CASE NO. 4:11CV3154** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **JOSEPH CANIGLIA,** ) | |
| ) | |
| **Defendant.** ) | |

Plaintiff filed his Complaint on September 8, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on September 8, 2011, against Nebraska County Judge Joseph Caniglia. (Filing No. 1 at CM/ECF pp. 1, 3.) Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges that Defendant requested that Plaintiff leave the courthouse when he was there for the court hearing of an acquaintance. (*Id.* at CM/ECF p. 3.) Plaintiff further alleges that Defendant also "ejected" Plaintiff "from [his] courtroom" on another occasion. (*Id.* at CM/ECF p. 5.) Plaintiff requests that award him damages in the amount of "1,000,000.00." (*Id.* at CM/ECF p. 5.)

### II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state

a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

As set forth above, Defendant is a Nebraska County Court Judge. (Filing No. 1.) Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Moreover, "[a] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 12

(quotation omitted). Absolute judicial immunity applies to monetary damages claims only and does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

As the Supreme Court set forth in *Mireles*, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself,'" and courts "look to the particular act's relation to a general function normally performed by a judge" in determining whether judicial immunity applies. *Mireles*, 502 U.S. at 13. At least one court has specifically held that "[a] judge acts in his judicial capacity when he exercises control over his courtroom, and by extension, when he bars a litigant or attorney from the courtroom." *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994) (citing *Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966)); *see also Huminski v. Corsones*, 396 F.3d 53, 77-78 (2d Cir. 2005) ("Judges also have substantial power to maintain the decorum and security of their courtrooms and the courthouses in which those courtrooms are located.").

Plaintiff asserts claims against Defendant because he asked Plaintiff to leave the courthouse and ejected him from his courtroom. (Filing No. 1 at CM/ECF pp. 3, 5.) However, as set forth above, control over the courtroom, and the courthouse in which it is located, are judicial functions and absolute judicial immunity applies. Thus, even if Defendant's actions were somehow taken in bad faith or maliciously, Defendant is still

absolutely immune from a suit based on these actions.[1] Accordingly, Plaintiff's Complaint must be dismissed.

    IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice; and

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 5th day of December, 2011.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  Chief United States District Judge

---

[1] Plaintiff also requests in passing that the court "permanently enjoin defendants . . . from further violations of [Plaintiff's] rights." (Filing No. 1 at CM/ECF pp. 6-7.) However, "[b]road language in an injunction that essentially requires a party to obey the law in the future is not encouraged and may be struck from an order for injunctive relief, for it is basic to the intent of Rule 65(d) that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 444 (1974). Thus the court cannot, and will not, issue an injunction requiring Defendant to do nothing more than "obey the law" and not violate Plaintiff's rights generally. Thus, to the extent he seeks any injunctive relief, that request is denied, and Plaintiff's Complaint is dismissed in its entirety.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.